## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JEREMY KENNEDY
ADC #093061                                                      PETITIONER

VS.                         5:15CV00220 DPM/JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                    RESPONDENT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

Mail any objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 habeas Petition filed by Petitioner, Jeremey Kennedy ("Kennedy"). *Doc. 2.* He attacks a prison disciplinary conviction he received while incarcerated in the Wrightsville Unit of the Arkansas Department of Correction.

On April 22, 2015, Sergeant Hugh Hewitt issued a Major Disciplinary charging Kennedy with: (1) "being out of his place of assignment;" (2) "taking property;" and (3) "giving misinformation." *Doc. 8-1 at 1.* According to Sgt. Hewitt's report, Kennedy was the subject of an investigation into property belonging to other inmates that was missing from a security office in a barracks where Kennedy worked as a porter. The report stated that Kennedy was questioned and denied going into the office or touching the property in question. *Id.* However, the reporting officer viewed video footage which showed Kennedy entering and exiting the security office, unsupervised, carrying property bags that contained the belongings of other inmates that were housed in isolation. *Id.*

On April 29, 2015, a Disciplinary Hearing Officer ("DHO") conducted a hearing, during which Howard submitted a written statement indicating that he routinely went into the office for his job but he only touched property bags when he was told to do so by ADC staff. *Doc. 8-1 at 2.*

2

The DHO convicted Kennedy of "being out of his place of assignment" and "giving misinformation," but acquitted him of "taking property." *Doc. 8-1 at 2*. The DHO credited the charging officer's report that he "lied to staff and was in an unassigned area." *Doc. 8-1 at 3*. The sanctions imposed by the DHO included: (1) fifteen days of punitive isolation; and (2) a reduction in good-time classification. *Doc. 8-1 at 1*.

Kennedy pursued an administrative appeal, which was affirmed by the ADC Director on July 2, 2015. *Doc. 8-1 at 3*. According to Kennedy, the disciplinary conviction caused him to be discharged from an ADC "therapeutic community" program that he must complete before he can be paroled. *Doc. 2 at 1*. He states that this has extended his parole eligibility date from July 28, 2016, to May 10, 2017. *Doc. 2 at 3*.

Kennedy initiated this habeas action on July 8, 2015. *Doc. 2*. In his Petition, he argues that: (1) his disciplinary convictions are not supported by any evidence; (2) he received inadequate notice of the disciplinary charges; and (3) the DHO should have viewed the videotape that the charging officer relied on. *Doc. 2 at 19-36*. Kennedy has also filed a "Motion for Temporary Restraining Order and Preliminary Injunction" and a "Motion for Declaratory Judgment." *Docs. 4 and 9*.

Respondent argues that Kennedy's habeas claims are: (1) not cognizable in a habeas action; (2) procedurally defaulted; and (3) fail on the merits. *Doc. 8*.

For the reasons discussed below, the Court recommends that the Petition for a Writ of Habeas Corpus, and the Motion for Temporary Restraining Order and Motion for Declaratory Judgment, be denied, and that the case be dismissed, with prejudice.

## II. Discussion

### A.    Kennedy's Disciplinary Convictions

In *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974), the Court held that a disciplinary conviction which results in a prisoner losing *good time credits* implicates a liberty interest protected by the Due Process Clause.[1] Because the loss of good time credits affects the length of a prisoner's confinement, a habeas action is a prisoner's exclusive remedy to challenge the constitutionality of the final disciplinary conviction. *See Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002). However, if a prison disciplinary conviction *does not* result in the elimination of good-time credits, it has no effect on the length of the underlying sentence and "raise[s] no claim on which habeas relief could have been granted on any recognized theory." *Muhammad v. Close*, 540 U.S. 749, 754–55 (2004).[2]

---

[1] The Court in *Wolff* also held that due process requires that an inmate, who is the subject of a disciplinary proceeding, must receive: (1) written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decision maker identifying the evidence relied on and the reasons for the disciplinary action. *See Wolff*, 418 U.S. at 563-67 (1974).

[2] Furthermore, adjustments in classification status, and placement in punitive isolation for relatively short intervals, do not constitute the type of "atypical and significant" hardships that may trigger the protection of the Due Process Clause. *See e.g. Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (nine months in administrative segregation); *Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005) (reduction in class status and thirty days in punitive isolation).

Because Kennedy's disciplinary convictions did not result in the loss of any good-time credits, he has failed to state a cognizable habeas claim.

Finally, even if that habeas claim was cognizable under § 2254, it would fail on the merits. In *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Court made it clear that the Due Process Clause only requires a DHO's disciplinary decision to be supported by "some evidence in the record." As long as that low evidentiary threshold is met, a DHO's decision cannot be characterized as arbitrary. *Id.* at 457. Thus, in prison disciplinary matters, federal courts must defer to the judgment of prison officials as long "as some evidence in the record" supports the disciplinary conviction and the due process requirements of *Wolff* are satisfied.[3]

While Kennedy strongly disputes the charging officer's report, the DHO accepted it and explained his reasons for doing so in his decision. *Doc. 8-1 at 3*. Additionally, Kennedy received advanced notice of the charges and was allowed to present a defense at the disciplinary hearing. *Doc. 8-1 at 2*.  This was sufficient to satisfy the due process requirements of *Wolff* and constituted a decision based on "some evidence" as required by *Hill*.[4]

---

[3] This limited review does not require a court to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh evidence. Prison officials can permissibly rely on violation reports and hearsay to find inmates guilty of disciplinary infractions. *See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). Finally, the Eighth Circuit has held that, as long as the disciplinary proceeding is conducted by an impartial decision maker, a report from a correctional officer constitutes "some evidence" upon which to base a disciplinary decision. *See Hartsfield*, 511 F.3d at 831. The "some evidence" standard is satisfied even if the inmate disputes the facts in the report and the only support for the DHO's decision is the report itself. *Id.*

[4] In Kennedy's "Motion for Temporary Restraining Order and Preliminary Injunction" (*doc. 4*), he requests reinstatement in the ADC "therapeutic community" program because his discharge from it was "due entirely to the unconstitutional disciplinary proceeding." *Doc. 4 at ¶3*. Because Kennedy's challenge to his disciplinary conviction

### B.      Kennedy's Request for "Declaratory Relief"

In a "Motion for Declaratory Judgment" and a "Supplement" (*docs. 9 and 10*), Kennedy requests a "Declaratory Judgment" that he has a "protectable liberty interest in parole release." Liberally construing these papers, Kennedy appears to argue that, under the Arkansas parole statutes, he is entitled to a "mandatory" early release on parole, thus creating a "liberty interest," which makes the extension of his parole, based on the disciplinary conviction, unconstitutional.

This argument fails for multiple reasons. First, for the reasons stated earlier, nothing about Kennedy's disciplinary conviction or the extension of his parole was unconstitutional.

Second, the Due Process Clause does not create a protected liberty interest in the "possibility" of parole *before* the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Contrary to Kennedy's suggestion, the Arkansas statutes and regulations governing parole merely create the *possibility* of parole, but do *not* create any right to parole that triggers due process protection.[5]   *See Pittman v. Gaines*, 905 F.2d 199, 201 (8th

---

does not constitute a cognizable habeas claim, and, alternatively, it lacks merit, he has no legal basis for requesting "injunctive relief."

[5] Kennedy's argument relies on Parole Board nomenclature that distinguishes between "discretionary" and "non-discretionary" parole. Generally, once an inmate reaches his parole eligibility date, the Parole Board must either: (1) parole the inmate; or (2) deny parole and prescribe a "course of action" for the inmate. *See* Ark. Code Ann. § 16-93-615(a)(1)-(2) (Supp. 2015). The Parole Board refers to this as "non-discretionary" parole — it must either parole an inmate or deny parole with a "course of action." *See* Ark. Parole Bd. Policy Man. at ¶ 2.3. However,

Cir. 1990); *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) (citing Ark. Code Ann. § 16–93–701(a)(1) (2006) (other citations omitted)); *see also Poole v. Straughn*, 2015 WL 8295612 (E.D. Ark. Oct. 28, 2015) (habeas petitioner claiming that he was being unconstitutionally held beyond his parole eligibility date because of a disciplinary conviction did not state a viable claim for habeas relief); *Garrett v. Hobbs*, 2013 WL 2370628, *1 (E.D. Ark. May 29, 2013) (same).

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus, and Petitioner's Motion for Temporary Restraining Order (*doc. 4*) and Motion for Declaratory Relief (*doc. 9*), be DENIED, and that the case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

---

the decision to grant or deny parole rests on the Parole Board's "opinion [whether] there is a reasonable probability that the inmate can be released without detriment . . . and [is] willing to fulfill the obligations of a law-abiding citizen." *See* Ark. Code Ann. § 16-93-701(a)(1) (Supp. 2015).

Inmates convicted of certain violent crimes and sex offenses are eligible for "discretionary" parole. Ark. Code Ann. § 16-93-615(b)(1)(A) (Supp. 2015). In this context, the Parole Board has the "discretion" to simply deny parole *even if* the inmate has complied with whatever "course of action" had been prescribed. *See* Ark. Parole Bd. Policy Man. at ¶ 2.4.

Kennedy believes that, because he falls into the "non-discretionary" parole category, he has a constitutionally protected liberty interest in a mandatory early release that cannot be extended. His construction and understanding of the relevant statutes and regulations is flawed. Despite being labeled "non-discretionary" by the Parole Board, the statutory and regulatory scheme merely creates the *possibility* for early release based on the Parole Board's opinion.

Dated this 7th day of January, 2016.

UNITED STATES MAGISTRATE JUDGE